<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XII</td></tr>
<tr>
<td>ROSANGELA SANFILIPPO RESUMIL, POR SÍ Y EN REPRESENTACIÓN DE SU HIJO MENOR MFSR, ARMANDO J. CRUZADO<br><br>Recurrida<br><br>v.<br><br>CARIBBEAN CONSOLIDATED SCHOOLS, INC. D/B/A COMMONWEALTH PARKVILLE SCHOOL<br><br>Peticionaria</td>
<td>TA2025CE00622</td>
<td>*Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV11578<br>Sala: 804<br><br>Sobre:<br>Incumplimiento de Contrato, Libelo, Calumnia o Difamación, Daños</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de noviembre de 2025.

Comparecen Caribbean Consolidated Schools, Inc. (CPS), AIG Insurance Company (AIG) y Universal Insurance Company (Universal) (conjuntamente "peticionarios") vía *certiorari* y solicitan que revoquemos la *Resolución Interlocutoria* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 30 de septiembre de 2025. En dicho dictamen, se denegó la solicitud de los peticionarios para deponer al menor MFSR. Por estar igualmente divididos los miembros de este panel, se deniega expedir el auto de *certiorari* solicitado.

En síntesis, el caso de epígrafe trata de una demanda por incumplimiento contractual, libelo, calumnia o difamación, y daños.

Según el expediente, y en lo pertinente a nuestra determinación, CPS expulsó al menor MFSR por, según la parte recurrida, una alegada conversación entre la madre del menor, la señora Rosangela Sanfilippo Resumil, y la señora Johanna Rosado, por asuntos relacionados a una supuesta malversación de los fondos de la clase escolar de MFSR, y por dicha conversación causar una ruptura en la comunidad escolar. Específicamente, mediante una carta emitida el 5 de octubre de 2023, CPS le informó a la señora Sanfilippo Resumil que ella violó las disposiciones contractuales de matrícula. A razón de ello, la señora Sanfilippo Resumil, por sí y en representación de su hijo MFSR, junto al señor Armando Cruzado Ramos (en adelante, "recurridos") presentaron una demanda y eventualmente una demanda enmendada contra los peticionarios por las causas de acción antes expuestas y daños.

Luego de varios trámites procesales, el 28 de octubre de 2024, los recurridos y CPS presentaron ante el Tribunal de Primera Instancia un *Informe para el manejo de caso* en el cual dispusieron de las personas que estaban pendientes de deponerse, entre los cuales no estaba incluido MFSR. Posterior a la inclusión de AIG y Universal en el pleito, el 17 de marzo de 2025 el Tribunal recurrido ordenó a las partes presentar en diez (10) días una moción conjunta en la que expusieran un plan detallado sobre el descubrimiento de prueba, el cual no debería exceder del 30 de septiembre de 2025. En cumplimiento con dicha *Orden*, el 27 de marzo de 2025, todas las partes informaron conjuntamente al Tribunal recurrido un calendario de deposiciones, sin incluirse a MFSR. Con esto, el Tribunal inferior aprobó el plan de trabajo sobre descubrimiento de prueba y las fechas separadas para

deposiciones—las cuales no podrían alterarse sin autorización del Tribunal y salvo justa causa—y señaló la Conferencia con Antelación a Juicio para el 5 de noviembre de 2025.

Así las cosas, el Tribunal inferior extendió el periodo de descubrimiento de prueba hasta el 31 de octubre de 2025. Sabido esto, el 24 de septiembre de 2025, los peticionarios solicitaron autorización judicial para tomar la deposición del menor. Eventualmente, los recurridos presentaron su oposición a la solicitud de orden para deponer a MSFR, toda vez que, según ellos, (1) dicha solicitud era una mera estrategia legal para presionar a la parte demandante; y (2) habían sido enfáticos en que su negación a permitir la deposición del menor a base de la protección de su salud y su bienestar emocional.

El Tribunal de Primera Instancia resolvió, entonces, que la solicitud de los peticionarios de deponer a MSFR se hizo tardíamente. Posteriormente, ante una solicitud de AIG para que los recurridos proveyeran evidencia médica relacionada a las alegaciones de daños emocionales del menor, y por la parte recurrida notificar que no tenía reparo con desglosar esa información, el Tribunal recurrido resolvió ha lugar y separadamente ordenó a tres (3) doctoras a presentar la información solicitada. Según alegan los recurridos, AIG no ha realizado la gestión necesaria para obtener los expedientes médicos de una de las doctoras. Inconformes con la denegación de la deposición de MSFR, los peticionarios recurren ante este Tribunal.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de

conformidad con los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

Sabido es que el descubrimiento de prueba es el mecanismo que las partes utilizan para obtener hechos, títulos, documentos u otros que están en poder o son del exclusivo conocimiento de una persona, y que son necesarias para hacer valer sus derechos. *McNeil Healthcare, LLC v. Mun. Las Piedras*, 206 DPR 659 (2021) (citando a I. Rivera García, *Diccionario de términos jurídicos*, 3.ª ed. rev., San Juan, Ed. LexisNexis, 2000, pág. 70). Por lo tanto, el Tribunal de Primera Instancia goza de amplia discreción para regular el descubrimiento de prueba y, en consecuencia, el Tribunal de Apelaciones no deberá intervenir con dicha discreción salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. Íd. (citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000)). Dicho esto, nuestro ordenamiento valora el descubrimiento de prueba amplio y liberal que acelera los procedimientos, propicia las transacciones y evita las sorpresas indeseables durante la celebración del juicio. Íd. (citando a *Lluch v. España Service Sta.*, 117 DPR 729 (1986)).

Ahora bien, las partes de un pleito podrán hacer descubrimiento sobre cualquier materia no privilegiada que sea pertinente al asunto en controversia. Regla 23.1 de Procedimiento Civil, *supra.* Más aun, no existen limitaciones respecto a quiénes se les puede deponer durante el proceso de descubrimiento de prueba. *Alvear Maldonado v. Ernst & Young LLP*, 191 DPR 921 (2014) (citando a *Ades v. Zalman*, 115 DPR 514 (1984)). Dicha deposición, de ser mediante un examen oral, deberá notificarse a todas las partes por escrito con no menos de veinte (20) días de anticipación. Regla 27.2 de Procedimiento Civil, *supra*. Toda deposición deberá ser transcrita, salvo que se estipule lo contrario, y ésta se entregará a la parte que tomó la deposición en un término no mayor de cuarenta y cinco (45) días de haberse concluido la deposición. Íd., R. 27.7, 27.8. A partir de esta entrega, se presentará al deponente para su examen y lectura dentro de diez (10) días, a menos que se haya renunciado a dicho examen y lectura, más cualquier enmienda de forma o de contenido que el deponente desee hacer deberá presentarse dentro de los treinta (30) días siguientes a la notificación de la transcripción. Íd., R. 27.8.

En el presente caso, no advertimos que el Tribunal de Primera Instancia haya errado o abusado de su discreción al resolver sin lugar la *Moción solicitando orden para la toma de deposición del co-demandante, MSFR*, de la parte peticionaria. Se desprende del expediente que los peticionarios tuvieron amplia oportunidad de incluir expresamente al menor MSFR en las mociones que detallaban las fechas dispuestas para las deposiciones de rigor con el grado de precisión requerido por el Tribunal. Es evidente que dicho foro tiene la discreción para analizar y regular el descubrimiento de prueba con la

distensión que le permite la jurisprudencia en el manejo de su caso, sin ser tutelado por este Tribunal en carencia de abuso.

Por tanto, en la medida en que no advertimos exceso discrecional, denegamos expedir el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. El juez Adames Soto disiente con voto escrito.

El juez Campos Pérez hace constar que expediría el recurso y revocaría al Tribunal de Primera Instancia por entender que el descubrimiento de prueba aún no ha culminado y el testimonio del menor es fundamental para atender la controversia en cuanto a los daños sufridos. El foro de instancia tiene mecanismos menos drásticos para atender el proceder de la parte demandada.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| | | |
|---|---|---|
| ROSANGELA SANFILIPPO RESUMIL, POR SÍ Y EN REPRESENTACIÓN DE SU HIJO MENOR MFSR, ARMANDO J. CRUZADO<br>Recurrida<br><br>v.<br><br>CARIBBEAN CONSOLIDATED SCHOOLS, INC. D/B/A COMMONWEALTH PARKVILLE SCHOOL<br>Peticionaria | TA2025CE00622 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2023CV11578<br><br>Sobre:<br>Incumplimiento de Contrato, Libelo, Calumnia o Difamación, Daños |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

**DISENSO**
**DEL JUEZ NERY E. ADAMES SOTO**

a.

Juzgo que el curso decisorio del Tribunal de Primera Instancia (TPI), al impedir la toma de deposición del menor MFSR, parte codemandante, no se conforma al precedente establecido por nuestro Tribunal Supremo en *Rivera Gómez v. Arcos Dorados P.R., Inc.*, 212 DPR 194 (2023), que consideró una controversia similar sobre derecho al descubrimiento de prueba. En dicha Opinión el Tribunal Supremo zanjó que "la medida severa de excluir del juicio el testimonio de un testigo crucial [o de un perito esencial], **que es análoga a la medida extrema de la desestimación**, sólo debe usarse en circunstancias excepcionales [...]" Id. (Énfasis provisto). Más aún, en la misma Opinión el Tribunal Supremo discutió el propósito de la Regla 37.7 de Procedimiento Civil, 32 LPRA Ap. V, concebida como una herramienta del Tribunal que le permite **imponer**

**sanciones económicas** por el incumplimiento injustificado por una parte con sus órdenes y señalamientos, **como medida menos onerosa a la eliminación del testimonio de un testigo esencial**. *Id*. (Énfasis provisto).

Precisamente, en *Rivera Gómez v. Arcos Dorados P.R., Inc.*, supra, el Tribunal Supremo revocó a un Panel hermano, al denegar el foro primario la presentación de un perito, **sin antes considerar la imposición de sanciones menos severas** y el apercibimiento a la parte sobre el incumplimiento con el calendario acordado, máxime **cuando el descubrimiento de prueba no había concluido**. *Id*. (Énfasis provisto).

Según se sabe, en cuanto al alcance del descubrimiento, impera una política de que *debe ser amplio y liberal. Rivera Gómez v. Arcos Dorados P.R., Inc.*, supra; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465 (2022); *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021). Se reconocen dos limitaciones al descubrimiento de prueba, a saber: (1) información privilegiada, y (2) pertinencia. *Id*; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 491 (2019). Además, "los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes". *Id.*

Sin embargo, es de notar que, aunque en *Rivera Gómez v. Arcos Dorados P.R., Inc.*, supra, nuestro Tribunal Supremo expresamente reconoció la referida discreción del TPI para determinar y disponer sobre el calendario en el que discurra el descubrimiento de prueba, **no obstante, advirtió que la eliminación de un testigo esencial es una sanción extrema a la que solo se podrá recurrir, luego de la imposición de sanciones económicas**.

Por tanto, cabe interpretar que, por lo razonado en *Rivera Gómez v. Arcos Dorados P.R., Inc.,* supra, la imposición de sanciones económicas

precede la eliminación de un testigo esencial, cuando no ha concluido el descubrimiento de prueba.

b.

En el caso ante nuestra consideración no hay dudas de que en la *Demanda* presentada se incluyeron alegaciones precisas sobre los daños y angustias mentales sufridos por el menor MFSR, codemandante, a causa de las acciones llevadas a cabo por Caribbean Consolidated Schools, Inc., (CPS o peticionaria), por los cuales solicita ser indemnizado.[1] Por tanto, se trata de un testigo esencial cuyo testimonio es pertinente para probar lo daños alegados.

Además, y según lo revela el propio tracto procesal de la Resolución mayoritaria, tampoco hay duda de que, al momento en que la parte peticionaria solicitó autorización del Tribunal para deponer al menor, el descubrimiento de prueba no había concluido.

Finalmente, es incontestable que el foro recurrido denegó la solicitud para autorizar la deposición del menor, *porque se hizo tardíamente*[2], sin antes imponer sanción económica alguna a la parte peticionaria de entender que había incumplido con los términos calendarizados para finiquitar el descubrimiento de prueba y velar por la celeridad de los procesos. Es decir, la desautorización de la deposición del menor es una sanción impuesta a la parte peticionaria por haberla solicitado de manera tardía.

Tal como ya discutí, juzgo que el razonamiento de nuestro Tribunal Supremo en *Rivera Gómez v. Arcos Dorados P.R., Inc.*, supra, exigía la imposición de sanciones económicas, antes que la eliminación de dicha deposición.

---

[1] Ver, entrada 71 de SUMAC.

[2] Entrada 111 de SUMAC. No discuto si en este caso operaba una limitación al descubrimiento de prueba por causa de la existencia de algún privilegio, por cuanto no fue el fundamento utilizado por TPI al denegar la toma de deposición del menor.

Al afirmar lo que precede tengo plena conciencia de que la parte peticionaria debió conocer desde el mismo momento en que se presentó la Demanda sobre la importancia de deponer al menor, y de que tuvo sobradas oportunidades para anunciar que se disponía a ello, junto a solicitar autorización al TPI, optando por dejarlo para escasos días antes de la conclusión del descubrimiento de prueba. Con todo, valorando la importancia de tal testigo, reitero, juzgo que el foro *a quo* debió sancionar económicamente a la parte peticionaria, antes de optar por impedir que se depusiera al menor.

Por las razones expuestas, muy respetuosamente disiento, hubiese expedido el auto solicitado, y revocado la Resolución recurrida, en ánimos de permitir la deposición del menor, aunque instruyendo al foro primario a la imposición de sanciones económicas a la parte peticionaria.

Por las razones expuestas, respetuosamente disiento.

En San Juan, Puerto Rico, a 14 de noviembre de 2025.


Nery Enoc Adames Soto
Juez de Apelaciones